# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEGASUS LEGAL FUNDING, LLC, <br><br> and <br><br> PEGASUS FUNDING, LLC, <br>     Plaintiffs /Counterclaim Defendants, <br><br> v. <br><br> HEATHER GERKEN, <br>     Defendant / Counterclaim Plaintiff <br><br> and <br><br> PRIME CASE FUNDING, LLC, <br>     Defendant. | 14-cv-09038 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS

Angela L. Baglanzis, Esquire
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
One Penn Center, 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, Pennsylvania 19103
(Phone) 215-665-3067

*Attorneys for Plaintiffs / Counterclaim Defendants Pegasus Legal Funding, LLC, and Pegasus Funding, LLC*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ii

I. PRELIMINARY STATEMENT ...............................................................................1

II. PROCEDURAL HISTORY.......................................................................................1

III. STATEMENT OF ALLEGED FACTS.....................................................................2

IV. LEGAL ANALYSIS..................................................................................................2

    A. GERKEN BEARS THE BURDEN TO PLEAD A "PLAUSIBLE" CLAIM
       TO AVOID DISMISSAL ...................................................................................2

    B. GERKEN FAILS TO PLEAD PLAUSIBLE FLSA AND NYLL CLAIMS .............3

V. CONCLUSION..........................................................................................................5

# TABLE OF AUTHORITIES

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 60 (2007)............................................................2, 4

DeJesus v. HR Mgmt. Servs., LLC, 726 F.3d 85
    (2d Cir.2013)..............................................................................................................2, 3, 4

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)................................................................2, 3, 4

Lundy v. Catholic Health Sys. of Long Island Inc.,
    711 F.3d 106 (2d Cir. 2013)..........................................................................................3, 4

Nakahata v. N.Y.-Presbyterian Healthcare Sys., 723 F.3d 192
    (2d Cir. 2013)...............................................................................................................3, 4

Counterclaim Defendants Pegasus Legal Funding, LLC, and Pegasus Funding, LLC (collectively, "Pegasus"), by and through their undersigned counsel, respectfully submit this memorandum of law in support of their Motion to Dismiss Counterclaim Plaintiff Heather Gerken's ("Gerken") Counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.     PRELIMINARY STATEMENT

In her Counterclaims, Gerken asserts claims for unpaid overtime wages in violation of the federal Fair Labor Standards Act ("FLSA") and the New York Wage Regulations (and presumably the New York Labor Law) ("NYLL").  However, as set forth in detail below, Gerken's FLSA and NYLL claims are deficient on their face and must be dismissed as a matter of law.  Gerken provides only conclusory statements regarding her entitlement to allegedly unpaid overtime wages and fails to set forth sufficient facts to support her claims.  Accordingly, for the reasons set forth below, Pegasus respectfully requests that this Court grant their motion and dismiss Gerken's Counterclaims in their entirety.

## II.    PROCEDURAL HISTORY

Pegasus initiated a civil action for breach of contract against Gerken and her current employer, Prime Case Funding, LLC ("Prime"), in the Supreme Court of the State of New York, County of New York, by filing a Summons and Verified Complaint on September 12, 2014 (hereinafter referred to as the "State Action").  In response to Pegasus' Summons and Verified Complaint, Gerken filed an Answer and Affirmative Defenses and Counterclaims on October 13, 2014 ("Counterclaims").  A true and correct copy of Gerken's Answer and Affirmative Defense and Counterclaim is attached hereto as "Exhibit 1."  In her State Action Counterclaims, Gerken asserts claims against Pegasus pursuant to the FLSA and the NYLL.  Pegasus removed this matter to this Court on November 12, 2014.

## III. STATEMENT OF ALLEGED FACTS

In support of her Counterclaims, Gerken only alleges that she was "employed by [Pegasus], including any predecessors in interest" and that she was "not paid a proper overtime premium for work in excess of 40 hours per week." Ex. 1 at Counterclaim, ¶¶ 5-6. Gerken does not allege any additional facts to support her claim for unpaid overtime wages in violation of the FLSA and the NYLL.

## IV. LEGAL ANALYSIS

### A. Gerken Bears The Burden To Plead A "Plausible" Claim To Avoid Dismissal.

The purpose of Federal Rule of Civil Procedure 12(b)(6) is to eliminate baseless claims. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). In considering a Rule 12(b)(6) motion to dismiss, the Court must accept only well-pled factual allegations as true and view them in the light most favorable to the nonmoving party. DeJesus v. HR Mgmt. Servs., LLC, 726 F.3d 85, 87 (2d Cir. 2013). Thus, a plaintiff's obligation to provide the grounds for his entitlement to relief requires more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557). "Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of further factual enhancement.'" Id. In particular, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Twombly, 550 U.S. at 564. The assumption of truth is inapplicable to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678.

Rather, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

2

A claim has "facial plausibility" only when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677-78. As explained below, Gerken's Counterclaims should be dismissed for failure to state any claim upon which relief can be granted.

B. **Gerken Fails to Plead Plausible FLSA and NYLL Claims**

Gerken's FLSA and NYLL claims must be dismissed because she fails to plead facts sufficient to establish a plausible cause of action against Pegasus for unpaid overtime wages pursuant to these statutes.[1] In a trio of recent cases, the United States Court of Appeals for the Second Circuit ("Second Circuit") has emphasized that, to survive a motion to dismiss on an FLSA overtime claim, the plaintiff must allege sufficient facts to demonstrate work in excess of 40 hours in a workweek and the accompanying failure of defendants to pay overtime in the given workweek. See Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106 (2d Cir. 2013); Nakahata, 723 F.3d at 199-202; DeJesus, 726 F.3d at 86. Therefore, to plead a plausible claim for unpaid overtime wages, Gerken must provide "sufficient detail about the length and frequency of [her] unpaid work to support a reasonable inference that [she] worked more than forty hours in a given week." Nakahata, 723 F.3d at 201.

Gerken's allegations fail to provide any details regarding the length or frequency of her work for Pegasus, other than to allege that she worked for Pegasus and that they failed to pay her overtime wages for "work in excess of 40 hours per week." Ex. 1 at Counterclaim, ¶¶ 5-6. In Lundy, Nakahata and DeJesus, the Second Circuit upheld dismissals of the plaintiffs' FLSA overtime claims even though those plaintiffs pleaded more facts regarding their overtime claims than Gerken does in her Counterclaims. For instance, in Lundy, the Second Circuit held that it

---

[1] The NYLL adopts the same standard regarding claims for overtime compensation as set forth in the FLSA. See Nakahata v. N.Y.-Presbyterian Healthcare Sys., 723 F.3d 192, 200 (2d Cir. 2013); N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.2 (2011).

3

was insufficient for plaintiffs merely to allege that they "typically" worked a certain number of hours, "occasionally" worked extra shifts, or "approximately twice per month" worked a certain number of shifts. 711 F.3d at 114-15; see also DeJesus, 726 F.3d at 89 (plaintiff's allegation that she worked more than "forty hours" without being paid overtime wages in "some or all weeks" was inadequate).

The plaintiffs in Nakahata pleaded significantly more facts than Gerken has in her Counterclaims, and their FLSA claim was still dismissed as insufficient under the Twombly/Iqbal standards. In Nakahata, the plaintiffs alleged that the defendants did not pay them for all of the hours that they worked, including meal breaks, training and activities before and after their scheduled shifts. 723 F.3d at 196-97. The Nakahata plaintiffs further alleged that they "regularly worked hours both under and in excess of forty per week and were not paid for all of those hours." Id. at 199. The Second Circuit held that such pleading was insufficient and that to

> plead a plausible FLSA overtime claim, plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week.

Id. at 201.

Gerken's Counterclaims are devoid of any factual allegations providing details of her employment and actual work with Pegasus. In her Counterclaims, Gerken does not allege any details about her position with Pegasus, let alone any details regarding if, when and/or how often she worked in excess of 40 hours in a workweek. Instead, Gerken's allegations are mere conclusory statements and legal conclusions that assert an entitlement to overtime wages pursuant to the FLSA and the NYLL. In light of the Second Circuit precedent directly on point,

Gerken's Counterclaims must be dismissed, as she has failed to plead <u>any</u> factual allegations to demonstrate plausible FLSA and NYLL claims.

V. **<u>CONCLUSION</u>**

For the foregoing reasons, the Court should dismiss Gerken's Counterclaims in their entirety and grant any and all further relief as may be just and proper.

          Respectfully submitted,

          /s/ Angela L. Baglanzis
          Angela L. Baglanzis, Esquire
          OBERMAYER REBMANN MAXWELL &
          HIPPEL LLP
          One Penn Center, 19th Floor
          1617 John F. Kennedy Boulevard
          Philadelphia, Pennsylvania 19103
          (Phone) 215-665-3067
          *Attorneys for Plaintiffs / Counterclaim Defendants*
          *Pegasus Legal Funding, LLC, and Pegasus*
          *Funding, LLC*

Dated: November 19, 2014